NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-912

COMMONWEALTH

vs.

RAYMOND MELVIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Raymond Melvin, appeals from the denial of his (1) motion to withdraw his admission to sufficient facts to warrant a finding of guilty and for a new trial, pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), and (2) subsequent motion for reconsideration.  Because the judge did not hold a hearing after the Commonwealth filed its opposition or make findings as necessary to resolve the defendant's claim that he would have gone to trial in the absence of the breathalyzer test results, we vacate the order denying the defendant's motion to withdraw his plea and remand for further proceedings.

Background.  In 2011, a criminal complaint issued in District Court charging the defendant with operating under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24 (1) (a) (1); possession of an open container of alcohol, G. L. c. 90, § 24I; and a marked lanes violation, G. L. c. 89, § 4A.  The OUI charge alleged two alternative theories of proof for a violation:  (1) the "per se" theory, which requires the Commonwealth to prove that the defendant operated a motor vehicle "with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater"; and (2) the impaired ability theory, which requires the Commonwealth to prove that the defendant operated a motor vehicle "while under the influence of intoxicating liquor."  Commonwealth v. Colturi, 448 Mass. 809, 810 (2007), quoting G. L. c. 90, § 24 (1) (a) (1).

According to the complaint application, after receiving a call that a vehicle was driving erratically, a State trooper saw a vehicle matching the caller's description in the drive-thru lane of a McDonald's and spoke with the driver, the defendant. The defendant had difficulty retrieving his driver's license and registration, his eyes were bloodshot and glassy, and there was a "moderate[] / strong" odor of an alcoholic beverage emitting from the car.  After getting out of the car, the defendant's body swayed from side to side, and the trooper could smell

2

alcohol on his breath.  The defendant initially stated that he had consumed two beers, then said four beers.  According to the trooper, the defendant failed a horizontal gaze nystagmus test, a nine step walk and turn test, and a one leg stand test.

At the conclusion of the field sobriety tests, the trooper arrested the defendant.  During an inventory search of the vehicle, the trooper found a plastic cup containing what appeared to be a mixture of cranberry juice.  The trooper tested the mixture using a portable device and determined that it contained alcohol.  There were fresh yellow rub marks on the car's front bumper that matched a yellow safety pole at the McDonald's with rub marks on it.  Another trooper determined that the marks on the bumper were fresh by blowing air on the rub marks and seeing the yellow paint fall off.

After the defendant was arrested, he consented to taking a breathalyzer test, which showed that he had a blood alcohol content of 0.15 percent.  This result was nearly double the percentage the Commonwealth would have had to prove (i.e., a blood alcohol content of 0.08 percent) if it proceeded on a "per se" theory at trial.  See G. L. c. 90, § 24 (1) (a) (1).

Five weeks after his arrest, the defendant admitted to facts sufficient for a finding of guilty to the OUI charge, and the plea judge accepted the plea disposition.  As part of the

plea disposition, the defendant was found not responsible for the two civil infractions.

On November 20, 2023, the defendant moved to withdraw his plea and for an order vacating his conviction. A hearing on the motion before a second District Court judge was scheduled for February 1, 2024. Counsel for the defendant and the Commonwealth appeared on that date, but no argument or evidence was heard, apparently because the Commonwealth had not located its file. The hearing was continued until February 16, and the judge allowed the Commonwealth to "present any opposition" prior to that date. The Commonwealth filed a memorandum in opposition on February 14. The judge then denied the defendant's motion in a written order without holding another hearing. Objecting to the judge's failure to hold an evidentiary hearing or make findings of fact, the defendant moved for reconsideration, which the judge denied.

Discussion. "We review a judge's decision on a motion to withdraw a guilty plea and vacate convictions 'to determine whether the judge committed an abuse of . . . discretion or a significant error of law,' accepting 'the judge's findings of fact if supported by the evidence.'" Commonwealth v. Al Kenani, 100 Mass. App. Ct. 288, 291 (2021), quoting Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).

4

To withdraw a guilty plea, "the defendant first must show that egregious government misconduct preceded the entry of his guilty plea and that it is the sort of conduct that implicates the defendant's due process rights." Commonwealth v. Scott, 467 Mass. 336, 347 (2014), citing Ferrara v. United States, 456 F.3d 278, 290-291 (1st Cir. 2006). Where, as here, the defendant pleaded guilty and the evidence against him included breathalyzer test results from an Alcotest 9510 breathalyzer last calibrated and certified prior to April 18, 2019, he is "entitled to a conclusive presumption of egregious government misconduct." Commonwealth v. Hallinan, 491 Mass. 730, 731 (2023).

In addition, the defendant must show that "the misconduct influenced [the defendant's] decision to plead guilty or, put another way, that it was material to that choice." Hallinan, 491 Mass. at 744-745, quoting Scott, 467 Mass. at 346; Ferrara, 456 F.3d at 290. This second prong of the test requires an examination of the totality of the circumstances, guided by the following factors:

> "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a

5

particular plea offer, and (5) whether the value of the
evidence was outweighed by the benefits of entering into
the plea agreement."

Hallinan, supra at 750, quoting Scott, supra at 355 (hereinafter
the Scott-Ferrara factors).  The judge in this case did not
address the Scott-Ferrara factors in her order denying the
defendant's motion to withdraw his plea.  The judge stated only
that she did not "find that the defendant has demonstrated a
reasonable probability that but for the 'government misconduct'
he asserts in his affidavit, . . . he would not have admitted to
sufficient facts and would have insisted on going to trial."

We conclude that it was an abuse of discretion to deny the
defendant's motion without a hearing and without addressing the
Scott-Ferrara factors.  In his motion to withdraw his plea, the
defendant claimed that his "decision to enter the plea was based
in part on the results of the [breathalyzer] test which he
believed would be impossible to overcome at trial."  That claim
was supported by the fact that the defendant's breathalyzer test
result was nearly double the level of blood alcohol content
needed to establish his guilt under the "per se" theory of
proof.  In his supporting affidavit, the defendant asserted that
he was entitled to a new trial based on Hallinan and "the
inaccuracy of the breath test results" and that he "would not
have plead[ed] to sufficient facts" to the OUI charge "except

6

for these test results."  See Scott, 467 Mass. at 356 (defendant must "aver" that "he would not have pleaded guilty and would have insisted on going to trial").  After the judge denied his motion, the defendant pointed out in his motion for reconsideration that an evidentiary hearing had been scheduled, then canceled, and asked the judge to reschedule the hearing so that he could "present testimony concerning the circumstances surrounding the plea" and prove that he "would not have tendered the plea but for the government's misconduct."

Under these circumstances, the judge should have held a hearing to allow the defendant to respond to the assertions in the Commonwealth's opposition, resolved any disputed issues of facts, and made findings assessing the defendant's claim under the Scott-Ferrara factors.  See Mass. R. Crim. P. 30 (b) ("Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law").  In particular, the judge needed to explain how this case was similar to or distinct from the facts in Hallinan.  In that case, the Supreme Judicial Court held that the defendant should be permitted to withdraw her admission to sufficient facts to support a finding of guilty to OUI, second offense.  See Hallinan, 491 Mass. at 731, 750-751.  The court concluded that "the disposition that the defendant received was not so

7

favorable that the benefits of the plea outweighed the value of the evidence."  Id. at 751.  It reached this conclusion notwithstanding substantial evidence of the defendant's impairment, including red and glassy eyes, odor of alcohol, slurred speech, inability to complete field sobriety tests, a "dazed" appearance, and the defendant's admission that she had three alcoholic drinks.  Id. at 732.  It is true that the defendant in Hallinan submitted a strong affidavit from plea counsel, see id. at 750-751, whereas the defendant here did not, but that issue is not dispositive given that the defendant entered his plea twelve years earlier and the availability of relief under Hallinan does not hinge on the quality of lawyering that the defendant received.  Instead, Hallinan requires a thorough examination of the totality of the circumstances, guided by the Scott-Ferrara factors, to determine whether there is a reasonable probability that the defendant would not have admitted to sufficient facts had he known that the breathalyzer test result could not be used against him at trial.

Conclusion.  We vacate the order denying the defendant's motion to withdraw his plea and for a new trial, and remand for

8

further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Henry, Smyth &
   Toone, JJ.[1]),

*Paul Little*

Clerk

Entered:  April 2, 2025.

---

[1] The panelists are listed in order of seniority.